IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY CARNES WOODS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:25-cv-435-TFM-B |
| | ) | |
| U.S. BANK TRUST NATIONAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Appellant Mary Carnes Woods' appeal (Doc. 1, filed October 31, 2025) of the Order Granting Relief From Automatic Stay that was entered by the United States Bankruptcy Court for the Southern District of Alabama on October 14, 2025.  Having considered the record, the parties' briefs, and relevant law, the Court finds the appeal of the decision of the Bankruptcy Court is **DISMISSED as moot**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2025, Appellant Mary Carnes Woods ("Appellant") filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301-30.  Doc. 4 at 4-12. On August 21, 2025, Appellee U.S. Bank Trust National Association, as Trustee of the Cabana Series IV Trust ("Appellee"), filed a Motion for Relief From Automatic Stay, in which it moved the Bankruptcy Court grant it relief from the automatic stay that is provided by 11 U.S.C. § 362(a). *Id.* at 22-58.  The Motion for Relief From Automatic Stay came before the Bankruptcy Court for a hearing that was held on October 8, 2025, and on October 14, 2025, the Bankruptcy Court entered an order that granted the motion.  *Id.* at 84-86.

On October 28, 2025, Appellant timely filed with this Court a notice of appeal of the

Bankruptcy Court's order that granted Appellee relief from the automatic stay. *Id.* at 87-90. The parties timely filed their separate appeal briefs. Docs. 3, 7.

On November 24, 2025, the Bankruptcy Court entered an order that granted the trustee's motion to dismiss Appellant's bankruptcy case. *Id.* at 113-14.

The issues on appeal are fully briefed and ripe for review. Further, the Court finds oral argument unnecessary.

## II.    <u>STANDARD OF REVIEW</u>

"[A] district court in a bankruptcy appeal . . . functions as an appellate court in reviewing the bankruptcy court's decision." *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990) (citing 28 U.S.C. § 158(a), (c)). The district court reviews *de novo* determinations of law by the Bankruptcy Court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th 1994) (citing *In re Sublett*, 895 F.2d at 1383).

"The district court makes no independent factual findings" and "review[s] solely the bankruptcy court's factual determinations under the 'clearly erroneous' standard." *Id.* (citations omitted); *see also* FED. R. BANKR. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). "The bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Int'l Pharmacy & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005) (citing *In re Cox*, 338 F.3d 1238, 1241 (11th Cir. 2003)); *see also Crawford v. W. Elec. Co.*, 745 F.2d 1373, 1378 (11th Cir. 1984) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court on

the entire record is left with a definite and firm conviction that a mistake has been committed." (quotation omitted)).

### III.   DISCUSSION AND ANALYSIS

"A case becomes moot when 'it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Neidich v. Salas*, 783 F.3d 1215, 1216 (11th Cir. 2015) (quoting *Chafin v. Chafin*, 568 U.S. 165, 167 (2013)).  The Eleventh Circuit has held "the dismissal of a Chapter 13 case moots an appeal arising from the debtor's bankruptcy proceedings." *Id.* (citing *In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001); *Belda v. Marshall*, 416 F.3d 618, 620-21 (7th Cir. 2005); *In re Gordon*, 743 F.3d 720, 722 (10th Cir. 2014); *Melo v. GMAC Mortg., LLC*, 496 B.R. 253, 256 (1st Cir. BAP 2014); *In re Spencer*, 301 B.R. 730, 733 (8th Cir. BAP 2003).

Since Appellant's Chapter 13 case was dismissed by the Bankruptcy Court while her appeal was pending, any ruling by this Court, now, would "amount to an impermissible advisory opinion," *id.*, as to the challenged ruling, and this appeal is **DISMISSED as moot**.

### IV.   CONCLUSION

Accordingly, this appeal is **DISMISSED as moot**.

**DONE** and **ORDERED** this the 7th day of April 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE